IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARITY BROWN, MICHAEL BROWN, and MICHAELA BROWN, | ) ) ) |
| Plaintiffs, | ) ) ) 4:07CV3268 |
| v. | ) ) ) MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, | ) ) |
| Defendant. | ) ) ) |

This matter is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) or, in the alternative, to stay this action. Filing No. 5. Plaintiffs requested additional time to respond to the motion, Filing No. 7, and the court granted them until February 15, 2008. Filing No. 8. However, the plaintiffs have failed to file a response to the motion to dismiss. The court has carefully reviewed the motion and finds it should be granted.

**BACKGROUND**

Plaintiffs bring this habeas corpus action in accordance with 28 U.S.C. § 2254 alleging that the State of Nebraska has wrongfully taken their child into custody pursuant to action by the Separate Juvenile Court of Lancaster County, Nebraska. The State contends that (1) this court lacks subject matter jurisdiction over the case; (2) plaintiffs have failed to state a claim; and (3) plaintiff has failed to exhaust their administrative remedies in the Nebraska state courts. Plaintiffs ask this court to return custody of their daughter to them.

Plaintiff has alleged various allegations of violations of federal constitutional and state law regarding custody of their daughter in Nebraska. Plaintiffs argue that the Nebraska statues were incorrectly applied to them and such application violated the First Amendment to the United States Constitution. The Nebraska juvenile court entered an order which resulted in loss of custody of plaintiffs' daughter, Michaela Brown.

## DISCUSSION

**A. Section 2254 - Subject Matter Jurisdiction**

Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637, n.4 (8th Cir. 2003). For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824, 829 (8th Cir. 2003). The plaintiff has the burden of proving that jurisdiction does in fact exist. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

The State contends that this court does not have jurisdiction to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in a child custody matter. The United States Supreme Court has held that habeas corpus jurisdiction cannot be used to challenge a

dispute over child custody. *Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 511 (1982). The court in *Lehman* also held that this is a sphere that is "normally reserved to the states. . . ." *Id.* at 513. The Eighth Circuit has likewise held that a federal habeas action cannot be used where the true essence of the action is to allow a parent to re-litigate parental rights and custody. *Amerson v. Iowa Dept. of Human Services*, 59 F.3d 92, 94 (8th Cir. 1995). On the face of the complaint, it appears this is a custody dispute wherein the parents are attempting to have custody reinstated to them. Accordingly, the court finds that based on *Lehman* and *Amerson*, it has no jurisdiction to hear this case.

**B. Exhaustion**

In the alternative, the court also finds that plaintiffs have failed to exhaust their state remedies. 28 U.S.C. § 2254(b)(1) requires an applicant to exhaust all remedies available in the courts of the state. Plaintiffs, in their complaint, allege that they "have not filed an appeal nor testified at a trial. . . . " Filing No. 1, p. 4, ¶ 11. Plaintiffs concede, therefore, that they have not exhausted their state court remedies. *See In re Interest of Stephanie H. et al*, 10 Neb. App. 908, 639 N.W.2d 668 (2002) (appeal of juvenile court custody decision). Accordingly, the court finds plaintiffs have failed to exhaust their remedies in the courts of Nebraska.

THEREFORE, IT IS ORDERED that defendant's motion to dismiss, Filing No. 5, is granted without prejudice.

Dated this 5th day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge